### TSHEPPE *v.* BERNHEIM *et al.*

*(Circuit Court, S. D. New York.* April 14, 1890.)

PATENTS FOR INVENTIONS—INFRINGEMENT.

In a suit to restrain the infringement of letters patent No. 397,259, issued February 5, 1889, to Adolph Tsheppe, for naphthaline paper, where the only question at issue was as to infringement, and the uncontradicted testimony of an expert showed that defendant's paper was manufactured in the manner described in said patent, *held,* that an injunction and an accounting would be decreed.

In Equity.
*Frank V. Briesen,* for plaintiff.
*H. A. West,* for defendants.

SHIPMAN, J. This is a bill in equity to restrain the infringement of letters patent No. 397,259, dated February 5, 1889, to Adolph Tsheppe, for a new naphthaline paper. The invention related to the manufacture of a paper or fabric with a coating of naphthaline on both sides, which was to serve as an insecticide in preserving furs and woolen goods from being injured by moths or other insects. The patentee says in his

specification that his invention consisted "in immersing paper, preferably not sized, first into a bath of molten naphthaline of a temperature as near the congelation point as practical for the operation of dipping, by which a heavy deposit of naphthaline is obtained. This deposit is crystalline and porous, peeling off easily, and its surface is rough and warty, but, if the paper covered with its first coat is then dipped rapidly into a bath of molten naphthaline of a higher temperature,—say five degrees, —then the interstices between the crystals first deposited are filled up, and the coating becomes hard and compact, and the whole product is of a porcelain-like appearance, with smooth surface. By subsequent dipping, this coating of naphthaline may be increased in thickness to any degree." It appears from the specification that it had been proposed to make naphthaline paper by embedding a layer of naphthaline between two layers of paper. It is obvious that a profuse evaporation is furnished from the large surface of the patented paper, and that the naphthaline accomplishes its work without staining or entering into the meshes of the goods. The claim is as follows:

"As a new article of manufacture, the sheet a, having a coating, b, of naphthaline, in two or more superposed layers, the first presenting a rough appearance, the second filling up the interstices of the first layer, and presenting a hard, compact, porcelain-like appearance, with a smooth surface, substantially as described."

The defendant upon the argument made no criticism upon the patentability of the invention; there was no testimony upon the subject; the state of the art was apparently as recited in the specification; and, as the article is out of the domain of common knowledge, I have no reason to doubt the propriety of the action of the patent-office. The only question in the case is that of infringement, and that can hardly be called a question, for the defendants have no knowledge on the subject,—had no testimony,—while the complainant's testimony was intelligent and definite, from a witness who is a competent expert, and who says that the article which the defendants have sold is manufactured in the manner described in the patent, and the exhibits apparently corroborate his opinion. Let there be a decree for an injunction and an accounting.